## OLIVER v. SEABOARD AIR LINE RY.

(District Court, S. D. of Georgia. May 8, 1918.)

No. 1044.

1. DAMAGES ⟨⟩⟩32—DEATH ⟨⟩⟩82—FEDERAL EMPLOYERS' LIABILITY ACT—PAIN AND SUFFERING.

Under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1916, §§ 8657-8665), the damages sustained by an injured employé embrace pain and suffering, and in most instances this item forms the basis of the chief part of his recovery; but in actions for wrongful death by the employé's personal representative no recovery can be had for pain and suffering endured by the employé, the recovery being limited to the monetary loss of those entitled to share therein.

2. DEATH ⟨⟩⟩39—FEDERAL EMPLOYERS' LIABILITY ACT—ACCRUAL OF ACTION.

Under Employers' Liability Act, § 1 (Comp. St. 1916, § 8657), declaring that every common carrier by railroad, while engaging in interstate commerce, shall be liable in damages to any person suffering an injury while employed in such commerce, etc., or, in case of the death of such employé, to his or her personal representative, etc., a cause of action in favor of an employé's personal representative for the benefit of those named does not accrue until the death of the employé, at which time the two-year limitation prescribed by section 6, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (Comp. St. 1916, § 8662), begins to run, for the damages recoverable by the employé differ from those recoverable by the personal representative.

At Law. Action by Edgar J. Oliver, administrator of Bud Hall, against the Seaboard Air Line Railway. On demurrer to the petition. Demurrer overruled.

H. P. Cobb and Oliver & Oliver, all of Savannah, Ga., for plaintiff.

Anderson, Cann, Cann & Walsh, of Savannah, Ga., for defendant.

BEVERLY D. EVANS, District Judge. This is a suit by the administrator of a deceased employé against an interstate carrier for damages on account of the alleged wrongful death of the employé while in the service of the defendant. The petition discloses that the deceased employé was injured on March 31, 1912, and died as a result of his injury on August 11, 1915. The petition was filed April 17, 1916. The defendant demurred on the ground that, as the suit was not begun within two years from the date of the injury to the employé, the action is barred.

[1, 2] By Act April 22, 1908, c. 149, § 6, as amended by Act April 5, 1910, c. 143, § 1 (U. S. Comp. St. 1916, § 8662):

"No action shall be maintained under this act [federal Employers' Liability Act] unless commenced within two years from the day the cause of action accrued."

The point for decision is the date from which the accrual of the action by the personal representative is to be computed—whether from the date of the injury to the employé or from the date of the employé's death.

⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is within the power of Congress to impose upon a wrongdoer any penalty suitable for the punishment of the wrong inflicted. Congress may authorize a recovery of the wrongdoer of both punitive and compensatory damages, or may apportion a recovery of the damages among different persons having proper relation to the person injured. And this is exactly what Congress did in the Employers' Liability Act (U. S. Comp. St. 1916, § 8657), when it declared an interstate carrier—

"shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents, and, if none, then of the next of kin dependent upon such employé, for such injury or death," etc.

It seems plain to me that this remedial statute was intended to give compensation in damages to the employé for injury to his person, and also compensation to the family of the employé where death results from the same injury. Nothing the person injured can say or do between the date of the wrongful act and his death can affect the cause of action given by the statute to his personal representative for the benefit of his family. The act of Congress did not contemplate that the action created in case of the injured employé's death should arise only where death was instantaneous, or where the fatal injury was so severe that the injured employé was deprived of the power of conscious volition. Mich. Cen. R. R. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176.

Furthermore, the damages sustained by an injured employé embrace physical pain and suffering, and in most instances this item forms the basis of the chief part of his recovery; whereas, in cases of actions for wrongful death by the employé's personal representative, no recovery can be had for the pain and suffering endured by the employé because of his fatal injury.

I am aware of the conflicting English decisions under Lord Campbell's Act, and that some of them hold that the cause of action is the defendant's negligence, and that, if the deceased had in his lifetime accepted a sum of money in full satisfaction and discharge of his claim against the defendant, this would bar the right of the personal representative to recover for the homicide, on the theory that the death of the injured person did not create a fresh cause of action. The fallacy in this reasoning, as applied to the Employers' Liability Act, is the assumption that the act did not authorize two actions—one by the injured employé commenced in his lifetime, and the other by his personal representative, for the benefit of his family, after his death. See, in this connection, Kansas City Sou. Ry. Co. v. Leslie, 112 Ark. 305, 167 S. W. 83, Ann. Cas. 1915B, 834; Fogarty v. Northern Pac. Ry. Co., 85 Wash. 90, 147 Pac. 652, L. R. A. 1916C, 803. As remarked by Mr. Justice McReynolds in Garrett, Adm'r, v. L. & N. R. R. Co., 235 U. S. at page 312, 35 Sup. Ct. at page 33, 59 L. Ed. 242:

"It is now definitely settled that the act declared two distinct and independent liabilities resting upon the common foundation of a wrongful injury:

(1) Liability to the injured employé for which he alone can recover; and (2) in case of death, liability to his personal representative 'for the benefit of the surviving widow or husband and children,' and, if none, then of the parents, which extends only to the pecuniary loss and damage resulting to them by reason of the death."

It would seem to follow that, as the liability to the plaintiff in this case did not arise until his intestate's death, the cause of action accrued at that time, and, as the suit is brought within two years of the employé's death, it is not barred by the statute.

I do not deem the other grounds of demurrer to be meritorious.
Accordingly the demurrer is overruled.