## ENGEL *v.* DAVENPORT ET AL.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 189. Submitted January 26, 1926.—Decided April 12, 1926.

1. A complaint by a seaman against a ship owner for damages for injuries alleged to have resulted from the owner's negligence in furnishing a defective appliance, *held* an action under the Merchant Marine Act as supplemented by the Employers' Liability Act, in which the plaintiff must prove negligence and subject himself to reduction of damages in proportion to any contributory negligence on his part. P. 36.

2. The state courts have jurisdiction, concurrently with the federal courts, to enforce the right of action established by the Merchant Marine Act as a part of the maritime law. P. 37.

3. The provision of the Employers' Liability Act that "no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued," is one of substantive right, both setting a limit and necessarily implying that the action may be maintained, as a substantive right, within that period. P. 38.

4. This provision was incorporated by adoption in the Merchant Marine Act, and controls in actions brought under that Act in state courts, regardless of the statutes of limitations of the States. P. 38.

194 Cal. 344, reversed.

CERTIORARI to a judgment of the Supreme Court of California which affirmed a judgment dismissing, on demurrer, a complaint in an action for damages, brought by Engel against Davenport.

*Mr. H. W. Hutton* for petitioner.

*Messrs. Edward J. McCutchen* and *Farnham P. Griffiths* for respondents.

9542°—26——3

MR. JUSTICE SANFORD delivered the opinion of the Court.

The questions involved in this case relate to the effect of § 33 of the Merchant Marine Act of 1920, 41 Stat. 988, c. 250, which amended § 20 of the Seamen's Act of 1915, 38 Stat. 1164, c. 153, to read as follows: "That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

Engel, the petitioner, brought this action at law, in January, 1923, in a Superior Court of California, against the respondent Davenport, one of the owners of a vessel on which he had been employed as a seaman,[1] to recover damages for personal injuries suffered, in April, 1921, while he was engaged in placing a chain lashing around part of a cargo of lumber that had been taken on board the vessel at a port of landing. The complaint alleged, in substance, that the vessel had been negligently sent upon her voyage when unseaworthy and equipped with

[1]Although other owners of the vessel were also named as defendants in the complaint, the record does not indicate that any of them were served with process or entered their appearance, the suit apparently having been prosecuted against Davenport alone.

defective appliances, in that a pelican hook, which was a necessary part of the chain lashing used in carrying the cargo, had in it a flaw observable upon ordinary inspection; that this hook was not inspected; and that it broke by reason of this flaw, causing the injuries in question. Davenport demurred to the complaint, on the ground, *inter alia,* that the cause of action was barred by § 340, subd. 3, of the California Code of Civil Procedure, which. required an action for personal injury caused by wrongful act, or negligence to be commenced within one year. This demurrer was sustained, without leave to amend; and judgment was entered in favor of Davenport, which was affirmed, on appeal, by the Supreme Court of the State. 194 Cal. 344. This writ of certiorari was then granted. 266 U. S. 600.

The petitioner contends that the suit is one founded on § 33 of the Merchant Marine Act, of which the state courts have jurisdiction concurrently with the federal courts; and that, by virtue of § 6 of the Employer's Liability Act, 35 Stat. 65, c. 149, incorporated in the provisions of the Merchant Marine Act, it might be commenced within two years after the cause of action accrued, irrespective of the state statute.

The respondent contends, on the other hand, that the suit is not founded on the Merchant Marine Act and its provisions therefore have no application; and that, in any event, § 6 of the Employer's Liability Act is not incorporated in the Merchant Marine Act and does not determine the period of time within which an action may be commenced in a state court.

It is settled by the decision in *Panama Railroad v. Johnson,* 264 U. S. 375, that § 33 of the Merchant Marine Act is an exercise of the power of Congress to alter or supplement the maritime law by changes that are country-wide and uniform in operation; that it brings into the maritime law new rules drawn from the Employer's

Liability Act and its amendments—adopted by the generic reference to " all statutes of the United States modifying or extending the common law right or remedy in cases of personal injuries to railway employees "—and " extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules "; that is, that it grants them, as an alternative, the common law remedy of an action " to recover compensatory damages under the new rules as distinguished from the allowances covered by the old rules," which, as a modification of the maritime law, may be enforced through appropriate proceedings *in personam* on the common-law side of the courts.

1. The present suit is not brought merely to enforce the liability of the owner of the vessel to indemnity for injuries caused by a defective appliance, without regard to negligence, for which an action at law could have been maintained prior to the Merchant Marine Act, *Carlisle Packing Co.* v. *Sandanger*, 259 U. S. 255; and we need not determine whether if it had been thus brought under the old rules, the state statute of limitations would have been applicable. See *Western Fuel Co.* v. *Garcia*, 257 U. S. 233. Here the complaint contains an affirmative averment of negligence in respect to the appliance. And, having been brought after the passage of the Merchant Marine Act, we think the suit is to be regarded as one founded on that Act, in which the petitioner, instead of invoking, as he might, the relief accorded him by the old maritime rules, has elected to seek that provided by the new rules in an action at law based upon negligence—in which he not only assumes the burden of proving negligence, but also, under § 3 of the Employers Liability Act, subjects himself to a reduction of the damages in proportion to any contributory negligence on his part. This conclusion is in harmony with the *Panama Railroad Case*, pp. 382, 383, in which the complaint charged that the

injuries resulted from negligence in providing a defective
appliance and in other respects; and it is not in conflict
with the *Carlisle Packing Co. Case,* in which, as shown
by the original record, the suit was commenced in 1918,
prior to the Merchant Marine Act. And see *Lorang* v.
*Steamship Co.* (D. C.), 298 Fed. 547, and *Lynott* v. *Transit Corporation,* 202 App. Div. 613.

2. It is clear that the state courts have jurisdiction concurrently with the federal courts, to enforce the right of
action established by the Merchant Marine Act as a part
of the maritime law. This was assumed in *Re East River
Co.,* 266 U. S. 355, 368; and expressly held in *Lynott* v.
*Transit Corporation, supra,* affirmed, without opinion, in
234 N. Y. 626. And it has been implied in various decisions in the District Courts involving the question of
the right to remove to a federal court a suit that had been
commenced in a state court.

By a provision of the Judiciary Act of 1789, now embodied in § 24, subd. 3, and § 256, subd. 3 of the Judicial
Code, giving District Courts original jurisdiction of civil
causes of admirality and maritime jurisdiction, there is
saved to suitors in all cases the right of a common law
remedy where the common law is competent to give it.
In *Chelentis* v. *Steamship Co.,* 247 U. S. 372, 384, where
the suit had been commenced in a state court and removed
to the federal court, it was said that, under this saving
clause, " a right sanctioned by the maritime law may be
enforced through any appropriate proceeding recognized
at common law." And the jurisdiction of the state courts
to enforce the new common law right made a part of the
maritime law, is necessarily affirmed by the provision contained in § 6 of the Employer's Liability Act [2]—plainly,
we think, incorporated in the Merchant Marine Act by the
generic reference—that jurisdiction of the federal courts
under the Act shall be concurrent with that of the courts

---

[2] Inserted by the amendment of 1910, 36 Stat. 291, c. 143.

of the several States, and no case arising thereunder when brought in any state court of competent jurisdiction shall be removed to any federal court.   Nor is the jurisdiction in suits under § 33 of the Merchant Marine Act limited to the federal courts—as has been sometimes held in the District Courts—by its provision that jurisdiction " shall be under the court of the district " in which the employer resides or his principal office is located.   This, as was held in the *Panama Railroad Case,* p. 385, was not intended to affect the general jurisdiction of the federal courts, but only to prescribe the venue of actions brought in them under the Act.

3.  This brings us to the question whether a suit brought in a state court to enforce the right of action granted by the Merchant Marine Act may be commenced within two years after the cause of action accrues, or whether a state statute fixing a shorter period of limitation will apply. Section 6 of the Employer's Liability Act provides that " no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued."   This provision is one of substantive right, setting a limit to the existence of the obligation which the Act creates.  *Atlantic Coast Line* v. *Burnette,* 239 U. S. 199, 201.   And it necessarily implies that the action may be maintained, as a substantive right, if commenced within the two years.

The adoption of an earlier statute by reference, makes it as much a part of the later act as though it had been incorporated at full length.  *Kendall* v. *United States,* 12 Pet. 524, 625; *In re Heath,* 144 U. S. 92, 94; *Interstate Railway* v. *Massachusetts,* 207 U. S. 79, 85.   It brings into the later act " all that is fairly covered by the reference," *Panama Railroad Case,* p. 392; that is to say, all the provisions of the former act which, from the nature of the subject-matter, are applicable to the later act.   It is clear that the provision of the Employer's Liability

Act as to the time within which a suit may be instituted, is directly applicable to the subject-matter of the Merchant Marine Act and covered by the reference. In the *Panama Railroad Case,* p. 392, it was held that the contention that the Merchant Marine Act did not possess the uniformity in operation essential to its validity as a modification of the maritime law, was unfounded, since the Employer's Liability Act which it adopted, had a uniform operation, which could not be deflected from " by local statutes or local views of common law rules." The period of time within which an action may be commenced is a material element in such uniformity of operation. And, plainly, Congress in incorporating the provisions of the Employer's Liability Act into the Merchant Marine Act did not intend to exclude a provision so material, and to permit the uniform operation of the Merchant Marine Act to be destroyed by the varying provisions of the state statutes of limitation.

We conclude that the provision of § 6 of the Employer's Liability Act relating to the time of commencing the action, is a material provision of the statutes "modifying or extending the common law right or remedy in cases of personal injuries to railway employees " which was adopted by and incorporated in the Merchant Marine Act. And, as a provision affecting the substantive right created by Congress in the exercise of its paramount authority in reference to the maritime law, it must control in an action brought in a state court under the Merchant Marine Act, regardless of any statute of limitations of the State. See *Arnson* v. *Murphy,* 109 U. S. 238, 243.

The judgment of the Supreme Court of California is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*