FLYNN, EXECUTOR, *v.* NEW YORK, NEW HAVEN, & HARTFORD RAILROAD COMPANY.

No. 235. Argued March 12, 1931.—Decided March 23, 1931.

*Mr. William F. Geenty,* with whom *Messrs. Thomas R. Fitzsimmons* and *William A. Bree* were on the brief, for petitioner.

54

*Mr. Edward R. Brumley,* with whom *Mr. Fleming James, Jr.,* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit under the Employers' Liability Act for negligently causing the death of Edward L. Flynn, brought on May 15, 1929, by Flynn's executor for the benefit of Flynn's dependent widow and children. It is alleged that the injury was suffered on December 4, 1923, and that it caused Flynn's death on September 1, 1928.

The defendant, respondent here, demurred to the declaration on the ground that, more than two years having elapsed since the date when Flynn's cause of action accrued, his right to sue was barred, and that therefore the suit could not be maintained. Act of April 22, 1908, c. 149, §§1, 6, 35 Stat. 65, 66. Act of April 5, 1910, c. 143, § 1, 36 Stat. 291. Code, Tit. 45, §§ 51, 56. The demurrer, and judgment for the defendant, were sustained by the Supreme Court of Connecticut. 111 Conn. 196; 149 Atl. 682. A writ of certiorari was granted by this Court. 282 U. S. 821.

The Act of 1908 gives a right of action to the employee or, in case of his death, to his personal representative for the benefit of the widow and children, and provides that no action shall be maintained " unless commenced within two years from the day the cause of action accrued." § 6. Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; that their cause of action could not arise until Flynn's death, and that therefore the two years did not begin to run until September 1, 1928. But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death. *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 59, 70. On this ground an effective release by the employee makes it impossible for his administrator to recover. *Mellon* v. *Goodyear,* 277 U. S. 335, 344. The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release, *Engel* v. *Davenport,* 271 U. S. 33, 38, and the same consequence follows. Our conclusion that this action could not be brought is required by the former decisions of this Court.

*Judgment affirmed.*