## DUSEK v. PENNSYLVANIA R. CO.

### No. 4992.

Circuit Court of Appeals, Seventh Circuit.

Dec. 21, 1933.

Oscar C. Strom and George W. Hulbert, both of Gary, Ind., for appellant.

F. E. Zollars, of Fort Wayne, Ind., for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

The action was brought under the Federal Employers' Liability Act (35 Stat. 65, as amended 36 Stat. 291 [45 USCA §§ 51–59]) by the administratrix of Edward Dusek, deceased, for the benefit of his widow and children, to recover damages for their loss occasioned by death of deceased from injuries caused by wrongful acts of appellee, his employer, while deceased was engaged in interstate commerce.

The only issue is whether the action is barred by the statutory two-year limitation on the bringing ôf such actions.

The relevant facts and dates, as stated in the briefs of counsel, are: Deceased was injured April 20, 1928; his death resulted February 12, 1929; the complaint was filed April 21, 1930; writ of summons was prepared and signed April 21, 1930; and summons was served on defendant July 10, 1930.

Section 6, c. 149, 35 Stat. 66, the Federal Employers' Liability Act (45 USCA § 56), provides that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued, and the primary question is: When did this cause of action accrue? For if the cause of action did not accrue until Dusek's death it is not barred. If it accrued on the date of his injury, it is appellee's contention that inasmuch as the action was not commenced until delivery, July 10, 1930, it is therefore barred. Appellant contends that the action accrued on the date of the death; appellee on the date of the injury.

As a proposition of general applicability to statutory limitations it may be said that a cause of action has not accrued, so as to start the running of the limitation, until such time as suit upon it may properly be brought. Angell on Limitations (6th Ed.) 37; 37 C. J. 807; Moline Plow Co. v. Webb, 141 U. S. 616, 623, 624, 12 S. Ct. 100, 35 L. Ed. 879; Clark v. Iowa City, 20 Wall. 583, 589, 22 L. Ed. 427; Sohn v. Waterson, 17 Wall. 596, 600, 21 L. Ed. 737.

Reading Co. v. Koons, 271 U. S. 58, 46 S. Ct. 405, 406, 70 L. Ed. 835, seems to be decisive of the question. While the specific question there was whether the cause of action for wrongful death accrued on the appointment of the administrator, the opinion discusses the question with reference to the date of injury and the date of death as accrual dates under this statute. For brevity we omit quotations at length from the opinion, but we refer to the opinion in its entirety.

The view of the court as there definitely expressed is that the right of action for damages to widow and children of decedent occa-

sioned by his wrongful death accrues on the date of death and not on appointment of administrator, which in that case was over two years after the death. The court stated the question in these words: " * * * whether the cause of action created by the act may be deemed to have 'accrued,' within the meaning of the act, at the time of death or on the appointment of the administrator, who is the only person authorized by the statute to maintain the action." The court then stated: "The question has never been directly answered by this court, although in Missouri, K. & T. Ry. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, it was assumed that the cause of action was barred in two years after the death." It was further said: "Thus at the death of decedent there are real parties in interest who may procure the action to be brought, and there are no such practical inconveniences or necessary delays, as would lead to the conclusion that the word 'accrued,' as used in the statute, cannot be taken to refer to the time of death."

The case of B. & O. S. W. R. Co. v. Carroll, 280 U. S. 491, 50 S. Ct. 182, 183, 74 L. Ed. 566, is not less decisive of the question. There the injured man had brought suit for personal injuries under the Federal Employers' Liability Act. Three years after his death, with that case still pending, his administratrix was given leave to amend the complaint to include for the first time a demand for the damages incurred through the death, which was charged to have resulted from the injury. The answer alleged in defense that the claim for loss through the death was barred because not brought within two years after that cause of action accrued. The court held that under the statute two distinct causes of action are involved, one for the loss of the injured person while he lived, and another for the loss to the beneficiaries as a result of the death; and it was said: "The cause of action which arises from death accrues at the time of death, and the two-year period of limitation then begins" (citing Reading Co. v. Koons). Recovery for wrongfully causing death was denied because amendment charging it was made more than two years from date of death. Other cases to like effect are Bell v. Wabash Ry. Co., 58 F.(2d) 569 (C. C. A. 8), and Oliver v. Seaboard Air Line Ry. (D. C.) 250 F. 652.

■ Appellee cites with apparently much confidence Flynn v. N. Y., N. H. & H. R. Co.,

283 U. S. 53, 51 S. Ct. 357, 358, 75 L. Ed. 837, 72 A. L. R. 1311. There the injury was suffered December 4, 1923, and the alleged resultant death occurred September 1, 1928. The action was by the executor for the wrongful death, and the question there was, not when the cause of action accrued, but whether the action was barred where more than two years elapsed between the date of the injury and that of the death without action by the injured person. The court said that the right of action for the wrongful death "is derivative and dependent upon the continuance of a right in the injured employee at the time of his death," citing Michigan Central R. Co. v. Vreeland, 227 U. S. 59, 70, 33 S. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176. The statute specifically provides that under it there shall not be more than one recovery, and the court cites Mellon v. Goodyear, 277 U. S. 335, 48 S. Ct. 541, 544, 72 L. Ed. 906, wherein it was held that "a settlement by the wrongdoer with the injured person, in the absence of fraud or mistake, precludes any remedy by the personal representative based upon the same wrongful act."

In the Flynn Case the court held that if the injured party suffers two years to pass without taking any action to enforce whatever claim he may have had for the injury, it will operate in the same way as a release by him; and if at the time of the death his right of action was thus extinguished, the right of action of his personal representative is likewise terminated.

Dusek did not make settlement or give a release, nor was there at the time of his death the equivalent of a release, as held in the Flynn Case, of more than two years intervening between the date of injury and the death. When Dusek died less than a year had elapsed since the date of his injury; and at his death the right to bring action for the loss thereby occasioned was unimpaired by anything which, while he lived, he had done or failed to do. The Flynn Case has no bearing on the question here involved.

Concluding as we do that under the facts here appearing the cause of action for the wrongful death accrued on the date of the death, the suit was begun in ample time, and the District Court erred in holding otherwise.

The judgment is reversed, and the cause remanded for further proceedings in consonance herewith.