### KIRBY v. SOUTH ATLANTIC S. S. CO. OF DELAWARE.
### No. 1496.

District Court, D. Delaware.

Nov. 22, 1938.

Joseph Handler, of Wilmington, Del., for libelant.

William S. Potter (of Ward & Gray) of Wilmington, Del., and Alexander R. Lawton, Jr., of Savannah, Ga., for respondent.

NIELDS, District Judge.

Libel in personam under the Merchant Marine Act to recover damages for a personal injury sustained February 29, 1936.

The right of action accrued to libelant under the Merchant Marine Act, 46 U.S.C.A. § 688, against his employer, South Atlantic Steamship Company of Delaware. February 26, 1938, three days before the two year limitation expired, libelant filed his libel. He commenced suit against "Atlantic Steamship Company", not against his employer, South Atlantic Steamship Company of Delaware. Citation issued and the Marshal made return, "I was unable to locate the within named Atlantic Steamship Co. within this District".

Six days later, on March 7, 1938, the court made an exparte order granting libelant leave to amend his libel by changing the name of the respondent to "South Atlantic Steamship Co. of Delaware". On the same day libelant filed his amended libel against South Atlantic Steamship Co. of Delaware. This amendment is a complete libel in itself and is identical with the original libel except in the name of the respondent. A second citation issued and was served by the Marshal on the respondent under the name of "South Atlantic Steamship Co. of Delaware". Thereupon and for the first time respondent was brought into court.

Respondent filed a plea in bar to the second amended libel: that no action may be maintained unless commenced within two years from the date on which the right of action accrued, to wit, February 29, 1936.

478

■ The plea in bar should be sustained. The Merchant Marine Act, 46 U.S. C.A. § 688, and the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., taken together, afford a right of action and prescribe a limitation upon such action. The limitation of two years fixed by the later act is not a mere limitation but the lapse of two years before action extinguishes the right to sue. This result may not be waived. South Atlantic Steamship Company of Delaware, respondent, was served with process six days after the running of the bar of the statute and after the right of action had expired. "The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release, Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813, and the same consequence follows." Flynn v. New York, N. H. & H. R. Co., 283 U.S. 53, 56, 51 S.Ct. 357, 358, 75 L.Ed. 837, 72 A.L.R. 1311.

An order may be submitted.