## OLIVER v. CALMAR S. S. CO.
### No. 97.

District Court, E. D. Pennsylvania.
March 6, 1940.

Mortimer W. H. Cox, of Philadelphia, Pa., for plaintiff.

Lewis, Wolff, Gourlay & Hemphill, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Frank R. Oliver, a seaman on board the S. S. "Flomar", owned by the respondent, Calmar Steamship Company, brought a libel in personam in admiralty to recover indemnity for alleged personal injuries and also for maintenance and cure.

The libel alleged that on the 24th day of July, 1937, while the "Flomar" was loading cargo in port at Oregon, that the libellant became intoxicated while on board ship; that he went ashore and became still more intoxicated; returned; then he left the ship and again went ashore and became still further intoxicated; that on his way back to the ship the libellant attempted to cross between moving freight cars on a siding adjacent to the pier; that he fell; and that he was seriously injured.

The libel charged that the master and officers of the respondent vessel were "negligent" in permitting the libellant twice to go ashore while in an intoxicated condition.

It may be here mentioned that the libel was filed July 27, 1939—two years and three days after the happening of the accident.

It is unnecessary to enter into a detailed discussion of the seven exceptions to the libel filed by the respondent.

The libel does not disclose whether the action is brought under the general maritime law, or under Section 33 of the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C.A. § 688.

Since there was no allegation that the libellant's injuries were received in consequence of the unseaworthiness of the ship or the failure to supply and keep in order the proper appliances pertinent to the ship, it must be presumed that the libellant's claim for damages is under the Jones Act.

It has been uniformly held that suits under the Jones Act are limited to seamen's actions on navigable waters, and do not extend to non-maritime torts.

"The Jones Act provides that a seaman may recover for personal injuries suffered 'in the course of his employment * * * with the right of trial by jury.' The act has been construed not to extend beyond admiralty jurisdiction,

and not to apply to injuries on land. Hughes v. Alaska S. S. Co., D.C., 287 F. 427; Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F.2d 364, certiorari denied, 295 U.S. 751, 55 S.Ct. 830, 79 L.Ed. 1695; Todahl v. Sudden & Christenson, 9 Cir., 5 F.2d 462. The trial court was without jurisdiction to entertain the suit. The Workmen's Compensation Law of Pennsylvania, 77 P.S.Pa, § 1 et seq., presumably applied. Lawton v. Diamond Coal & Coke Co., 272 Pa. 74, 115 A. 886; State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L. Ed. 933, 25 A.L.R. 1013." O'Brien v. Calmar S. S. Corp., 3 Cir., 104 F.2d 148, 149.

■ The action is further barred by reason of the fact that it was brought two years and three days after the happening of the accident. The libel was filed July 27, 1939, and the accident happened July 24, 1937.

The Jones Act incorporated by reference the provision of the Federal Employers' Liability Act, Section 6, which provides: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." 45 U.S.C.A. § 56.

■ The limitation of two years may not be waived. See Kirby v. South Atlantic S. S. Co. of Delaware, D. C., 25 F.Supp. 477, 478. In the latter case the accident happened on February 29, 1936. The libel was not served until March 7, 1938. The court there held: "The plea in bar should be sustained. The Merchant Marine Act, 46 U.S.C.A. § 688, and the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., taken together, afford a right of action and prescribe a limitation upon such action. The limitation of two years fixed by the later act is not a mere limitation but the lapse of two years before action extinguishes the right to sue. This result may not be waived. South Atlantic Steamship Company of Delaware, respondent, was served with process six days after the running of the bar of the statute and after the right of action had expired. 'The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release, Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813, and the same consequence follows.' Flynn v. New York, N.H. & H.R. Co., 283 U.S. 53, 56, 51 S.Ct. 357, 358, 75 L.Ed. 837, 72 A.L.R. 1311."

While the statute of limitations under the Jones Act has now been changed to three years, it is well settled that that change cannot benefit the libellant in the pending action.

As to maintenance and cure:

■ There can be no recovery for maintenance and cure for the reason that the libellant's injuries resulted from his own willful misconduct. See Barlow v. Pan Atlantic S. S. Corp., 2 Cir., 101 F.2d 697, 698, and the cases therein cited. See, also, Brock v. Standard Oil Co., 33 F. Supp. 353, No. 81 of 1938, in Admiralty, opinion filed March 4, 1940, in which this court applied the principles asserted in the Barlow case.

In The S. S. Berwindglen, 1 Cir., 88 F.2d 125, 127, 128, a seaman fell to the dock from a ladder which he was climbing to board the ship owing to his intoxicated condition. The District Court, 14 F.Supp. 992, permitted the seaman to recover maintenance and cure. The Circuit Court of Appeals in the First Circuit reversed the lower court. The Circuit Court held:

"It appears to be well-settled law that 'sickness or injury occasioned by the seaman's own willful wrongdoing gives him no rights against the vessel or her owners.' Benedict on Admiralty (5th Ed.) Vol. I, § 83, page 132.

"There is nothing better settled in the maritime law than that seamen are entitled to their wages with a reasonable allowance for their maintenance and cure, if taken ill, in the service of the ship or from being incapacitated from causes incident to their employment; but the right to maintenance and cure does not include liability for disease or injuries arising from his own vices or gross acts of indiscretion. This view is amply supported by the authorities. The Alector (D.C.) 263 F. 1007; Chandler v. The Annie Buckman, 5 Fed.Cas. 449, No. 2,591a; Pierce v. Patton, 19 Fed.Cas. 636, No. 11,145; Lortie v. American-Hawaiian S. S. Co. [9 Cir.] 78 F. (2d) 819; Meyer v. Dollar Steamship Line [9 Cir.] 49 F. (2d) 1002, 1003; The Coniscliff (D.C.) 266 F. 959. This last-cited case was reversed [5 Cir.] 270 F. 206, but on other grounds than the right of a seaman to

recover for cure and maintenance where his sickness or injuries were due to a practice of his own vices.

"This rule is found even in some of the earliest Maritime Codes; see Art. XVIII, Laws of Wisbuy, probably promulgated as early as the 13th century, printed in 30 Fed.Cas. p. 1191, and which provides:

" 'A mariner being ashore in the master's or the ship's service, if he should happen to be wounded, he shall be maintained and cured at the charge of the ship; but if he goes ashore on his 'own head to be merry, and divert himself, or otherwise, and happens to be wounded, the master may turn him off; and the mariner shall be obliged to refund what he has received, and besides to pay what the master shall be forced to pay over and above to another whom he shall hire in his place.' "

For the reasons above stated, the respondent's exceptions to the libel are sustained, and the libel is dismissed.