**POPE v. McGRADY RODGERS CO.**

**No. 102.**

District Court, W. D. Pennsylvania.

March 4, 1947.

Hymen Schlesinger and Schlesinger & Schlesinger, all of Pittsburgh, Pa., for libellant.

William F. McCrady, Jr. and McCrady & Nicklas, all of Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

This is a libel in admiralty. The jurisdiction of this Court is invoked under the general Admiralty and Maritime Laws of the United States, the Merchant Marine Act of 1920, section 33, 46 U.S.C.A. § 688, and the Federal Employers' Liability Act of 1908, as amended, 45 U.S.C.A. § 51. The libellant seeks to recover damages alleged to have been caused by negligence of the respondent, November 9, 1942, which resulted in the death of Morris Preston Pope, husband of the libellant, and on the same day. This action was brought December 30, 1946. Respondent filed exceptions to the libel which sets forth, inter alia, that the libel is barred by laches and that the cause of action, if any, is barred under the Merchant Marine Act of 1920, section 33, and under the Federal Employers' Liability Act, as amended, 45 U.S.C.A. § 56. These exceptions are now before the Court.

The Federal Employers' Liability Act provides that "no action shall be maintained under this chapter unless commenced within three (3) years from the day the cause of action accrued". The Merchant Marine Act provides that: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

It is conceded that the present libel or action is under the Merchant Marine Act of 1920; that no right of action in case of death accrues under the general

maritime and admiralty laws. In Lindgren, Administrator, v. United States et al., 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686, it is held that prior to the enactment of the Merchant Marine Act of 1920, the maritime laws gave no right of recovery for the death of a seaman, although occasioned by negligence of the owner or the members of the crew, or by unseaworthiness of the vessel.

In Flynn, Executor, v. New York, New Haven & Hartford R. Co., 283 U.S. 53, 51 S.Ct. 357, 358, 75 L.Ed. 837, 72 A.L.R. 1311, which was an action under the Federal Employers' Liability Act, the Supreme Court, in its opinion, stated: "The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release, Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813, and the same consequence follows."

In Crescitelli v. United States et al., D.C.E.D.Pa., 66 F.Supp. 894, 896, which was a suit in admiralty by an administrator against the United States and the War Shipping Administration for damages resulting from accident causing death, the Court in an opinion by Kirkpatrick, D. J., stated: "It is quite true that the Jones Act confers substantive rights upon seamen and that the limitation contained in it, through the Federal Employers' Disability Act, 45 U.S.C.A. § 51 et seq., is a condition of the liability and not a limitation on the remedy only. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Bell v. Wabash R. Co., 8 Cir., 58 F.2d 569" and in conclusion that: "What has been said leads to the conclusion that the two year limitation of the Suits in Admiralty Act still applies to an action brought by the representatives of a deceased seaman against the Government on a cause of action to enforce rights engrafted upon the Maritime Law by the Jones Act and that the limitation is jurisdictional."

The motion to dismiss was granted. On appeal to the Circuit Court of Appeals for this Circuit, the judgment of the District Court was affirmed. In an opinion by Goodrich, C. J., 159 F.2d 377, he stated: "We have to aid our determination here two very well considered discussions of this very question. One is the opinion of the District Court in deciding this case, E.D.Pa.1946, 66 F.Supp. 894. The other is the Ninth Circuit decision in Kakara v. United States, [9 Cir.] 1946, 157 F.2d 578. Both hold that a two year period of the Suits in Admiralty Act is applicable."

A similar ruling was made in Wahlgren v. Standard Oil Co. of New Jersey, D.C. S.D.N.Y., 42 F.Supp. 992. The Court stated in its opinion that the limitation in the acts referred to above are not ordinary limitation requirements and that they are not affected by any disability of the plaintiff. See Kirby v. South Atlantic Steam Ship Co., D.C.Del., 1928, 25 F.Supp. 477; The Swift Arrow, D.C.E.D.Pa., 1940, 34 F.Supp. 541.

█ In McGrath v. Panama R. Co., 5 Cir., 298 F. 303, the Court held that Admiralty Courts, although not bound by common-law limitations, adopt them by analogy, unless equitable reasons exist for not doing so, and in a libel in personam, for personal injuries, the common-law limitation will be followed because libellant, having a right to sue at common law as well as in admiralty, it would be inconsistent to permit him to sue in admiralty, with the same effect as in common law, after his right to sue at common law was barred.

█ Libellant had no right to recover under the general maritime laws. Her action is under the Merchant Marine Act, which limits the time of bringing action to three years from the time which the cause of action arose, which is limitation of liability. If she had brought action at law, her action would have been barred. Under the authority of the statutes and cases aforestated, her action is barred in admiralty.

Let a suitable order be prepared and submitted sustaining the aforesaid exceptions to libel of the respondent.