## POPE v. McCRADY RODGERS CO.
### No. 9387.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 7, 1947.

Decided Nov. 25, 1947.

Hymen Schlesinger, of Pittsburgh, Pa., for appellant.

W. F. McCrady, Jr., of Pittsburgh, Pa. (McCrady & Nicklas and R. A. McCrady, all of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

Morris Preston Pope, a member of the crew of the motor vessel Patsy, met his death in November, 1942, from injuries sustained in an explosion and fire on that vessel. At the time the Patsy was in the Monongahela River near Monessen, Pennsylvania. On December 30, 1946, approximately four years and two months following Pope's death, his wife, as administratrix of Pope's estate, filed a libel in personam against Pope's employer, the respondent, claiming damages for his death. The respondent filed exceptions to the libel which the trial judge sustained, 70 F.Supp. 780.

---

■ The trial judge. was undoubtedly right. Although the action was brought on the admiralty side of the court, recovery could only be had under the Jones Act[1] since there is no action for wrongful death under the admiralty law. The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. The parties agree with this proposition and the libellant makes her claim under that statute.

The Jones Act, by reference,[2] incorporates certain provisions of the Federal Employers' Liability Act, including the one as to time limitation. That limitation period is now three years.[3] This action, as stated above, was begun more than four years after the injured man's death.

■ The libellant makes an ingenious argument to escape the bar of the statute. It is argued on her behalf that this action is brought in admiralty and that actions are barred in admiralty not by a self-operating statute of limitations, but on the ground of laches. In this case, says the libellant, there is a reasonable excuse for not bringing the action earlier; hence the laches doctrine does not bar recovery.

If the basis of this action were a claim known to the admiralty law there would be much in what the libellant says. We would then be confronted with the question whether an excuse offered for tardiness was sufficient to defeat the time test usually adopted in cases not covered by an express statutory provision, that is, the analogy of the statute of limitations. But here the libellant's suit is upon a right created by statute. Both under the Employers' Liability Act, itself,[4] and the Jones Act, with its incorporation of limitations from the other statute, the time provision has been regarded as part of the right itself. The Supreme Court says of it in Engel v. Davenport, 1926, 271 U.S. 33, 38, 46 S.Ct. 410, 412, 70 L.Ed. 813: "This provision is one of substantive right, setting a limit to the existence of the obligation which the Act creates." The theory quite evidently is that the right given by the statute is one which may be enforced upon the condition that proceedings to recover the damages are begun within the stipulated time. If they are not, a plaintiff cannot recover because there is no enforceable claim left upon which to sue. This concept is the usual one applied to limitations provisions in statutes for death by wrongful act. Restatement, Conflict of Laws §§ 397, 605 (1934).

■ The precise point here involved seems not to have been passed on by a Circuit Court of Appeals. Among the District Courts the authority is uniform in applying the bar of the statute regardless of whether the action was commenced on the admiralty side or as an ordinary action at law.[5]

The result thus reached by the District Courts is the only possible one upon the theory of limitations applied to this type of action by the Supreme Court and in death by wrongful act claims generally. Apart from legal concepts, any other result would

---

[1] 41 Stat. 1007, Act June 5, 1920, 46 U.S.C.A. § 688.

[2] "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." 41 Stat.

1007, Act June 5, 1920, 46 U.S.C.A. § 688.

[3] "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 53 Stat. 1404, Aug. 11, 1939, 45 U.S.C.A. § 56.

[4] Flynn v. New York, N. H. & H. R. Co., 1931, 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311.

[5] Wahlgren v. Standard Oil Co. of N. J., S.D. N.Y.1941, 42 F.Supp. 992; The Swiftarrow, E.D. Pa.1940, 34 F.Supp. 541, reversed on other grounds sub nom. Brown v. C. D. Mallory & Co., 3. Cir., 1941, 122 F.2d 98, semble; Oliver v. Calmar S. S. Co., E.D. Pa.1940, 33 F. Supp. 356; Kirby v. South Atlantic S. S. Co. of Delaware, D.C.Del.1938, 25 F. Supp. 477; Petition of Clinchfield Nav. Co., S.D. N.Y.1938, 26 F.2d 290.

indeed be startling. If a plaintiff sues in an action at law to gain benefits under the Jones Act the three year statute applies, as libellant admits in this case. It would certainly be an incongruous result if, by heading a paper "in admiralty" and calling it a "libel" instead of a "complaint" the unequivocal language of limitation could be escaped. There are instances where litigants get advantage in one court that they do not have in another as anyone knowing the history of actions at law and suits in equity knows full well. But when the entire foundation of one's claim is an enactment by a legislative body which, itself, contains a limitations provision, it cannot be thought that the legislature would have chosen to give people different rights under its legislation depending upon the court in which they seek enforcement.

The order of the District Court will be affirmed.

BIGGS, Circuit Judge (concurring).

Though I concur in the majority opinion I wish to note a matter which is not referred to specially therein.

The libellant's case is based in large part on an analogy attempted to be drawn from the decision of this court in Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98. In the cited case we held that the venue provision of the Jones Act did not apply to a suit in admiralty under the Act. The libellant in the case at bar goes further and contends that the specific time limitation of the Federal Employers' Liability Act, incorporated by reference in the Jones Act, is not applicable to a suit in admiralty under that Act. We held the venue provision of the Jones Act to be inoperable in a suit under that Act in admiralty in order that the Act might not encroach on the admiralty jurisdiction granted by the Constitution. In so holding we followed Panama R. Co. v. Johnson, 264 U.S. 375, 391, 44 S.Ct. 391, 68 L.Ed. 748, which held, inter alia, that a seaman had a right to proceed under the Jones Act in admiralty against his employer for injuries sustained by him without a trial by jury under an existing modified system of maritime law. See Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98. But these are matters which

merely regulate the form of a seaman's action under the Jones Act when his suit is in admiralty. The statute of limitations incorporated by reference in the Jones Act is itself a substantive right as was held by the Supreme Court in Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813. For this reason, as is pointed out in the majority opinion, the time limitation imposed by the Jones Act may not be exercised and the principle of laches, ordinarily applicable in admiralty law, substituted therefor.