Kirlin, Campbell, Hickox & Keating and Thomas Coyne, all of New York City, for Marine Transport Lines, Inc.

Hunt, Hill & Betts, Wm. Logan, Jr., and George S. Bernhard, all of New York City, for United States of America and Honorable John F. X. McGohey.

Hunt, Hill & Betts, Wm. Logan, Jr., and George S. Bernhard, all of New York City, for Standard Fruit & Steamship Co.

## PURVIS v. LUCKENBACH S. S. CO., Inc.

United States District Court
S. D. New York.

Sept. 19, 1949.

BONDY, District Judge.

This being a suit under the Jones Act, 46 U.S.C.A. § 688, the statute of limitations governing suits under the Federal Employers' Liability Act, § 6, 45 U.S.C.A. § 56, is applicable. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L. Ed. 813. More than three years having elapsed from the time of the injury to the

time of the death, suits by the decedent for his injuries would have been barred before he died. Under the authorities the right of a personal representative to sue under the Federal Employers' Liability Act for his wrongful death is dependent upon the existence of a right on the part of the decedent immediately before his death to maintain an action for the injuries which caused his death. See Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 70, 33 S. Ct. 192, 57 L.Ed. 417, Ann.Cas.1914C, 176; Flynn v. N. Y., N. H. & H. R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311. The motion to dismiss the complaint accordingly must be granted.