### McMILLEN et al. v. DOUGLAS AIRCRAFT CO., Inc. et al.

No. 10460.

United States District Court, S. D. California. Central Division
May 15, 1950.

672

Jennings & Belcher, Los Angeles, Cal., for plaintiffs.

Reed & Kirtland, Los Angeles, Cal., for defendant Douglas Aircraft Company, Inc., for defendants.

MATHES, District Judge.

Plaintiffs, widow and minor daughter of Everett Lovelle McMillen, brought this action for his wrongful death. The complaint alleges that while piloting a model DC-6 airplane manufactured by defendant, McMillen was killed in Utah in a crash assertedly caused by negligence in design of the aircraft.

Right to recover is claimed under the Utah wrongful death statute which is set out in the complaint. See Utah Code Tit. 104, § 104—3—11; 28 U.S.C.A. § 1738. The Utah period of limitations for wrongful death actions is alleged in the complaint to be two years. See Utah Code tit. 104, § 104—2—25. The California period of limitations for such actions is only one year. Cal.Code Civ.P. § 340(3). This action was commenced more than one year but less than two years after the death occurred.

■ Defendant Douglas Aircraft Company, Inc. moves to dismiss on the ground that the action is barred by the California statute of limitations. Although it is held that notwithstanding the provisions of Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. the affirmative defense of bar of the statute may be raised by motion to dismiss pursuant to Rule 12(b) (6), see Brictson v. Woodrough, 8 Cir., 1947, 164 F.2d 107, 110; Beery v. Chrysler Corp., 6 Cir., 1945, 150 F.2d 1002, 1003; Gossard v. Gossard, 10 Cir., 1945, 149 F.2d 111, 119; Abram

v. San Joaquin Cotton Oil Co., D.C.S.D.Cal. 1942, 46 F.Supp. 969, 974–975, it would seem better practice to raise the question by motion for summary judgment pursuant to Rule 56(b). See Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 1945, 150 F.2d 997, 1000, certiorari denied 1945, 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470.

■ Defendants' motion to dismiss at bar is both supported and opposed by affidavits; and since such "matters outside the pleading" have not been "excluded by the court," see Gibbs v. Buck, 1939, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 1111, the concluding provision of Rule 12(b) requires that the motion to dismiss "shall be treated as one for summary judgment * * *." Lane Bryant, Inc. v. Maternity Lane, Ltd., 9 Cir., 1949, 173 F.2d 559, 561–562.

■ Federal jurisdiction of this cause depends upon diversity of citizenship. 28 U.S.C.A. § 1332. So in determining whether Utah or California law is to be applied, this court will follow whatever rule of conflict of laws the courts of California would apply in like cases. Erie R. Co. v. Tomkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477; cf. Uravic v. F. Jarka Co., 1931, 282 U.S. 234, 240, 51 S.Ct. 111, 75 L.Ed. 312.

■ Where suit is brought on a foreign cause of action in the courts of California, substantive matters are held governed by the law of the place where the cause arose, while procedural matters are held governed by California law. Biewend v. Biewend, 1941, 17 Cal.2d 108, 109 P.2d 701, 705, 132 A.L.R. 1264; see, also, Restatement, Conflict of Laws § 585 (1934). Whether a matter in such a suit is substantive or procedural is a question of California law. Klaxon Co. v. Stentor Electric Mfg. Co., supra, 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477; Restatement, Conflict of Laws § 584. And the courts of California have ruled that statutes of limitations are procedural in character, and that California's statutes of limitations are for that reason applicable to foreign causes of action. Biewend v. Biewend, supra, 17 Cal.2d 108, 109

P.2d 701, 705, 132 A.L.R. 1264; cf. Cal. Code Civ. P. § 361.

Plaintiffs urge as an exception to the rule just stated that time limitations may not be held to be merely procedural where, as here, the limitations period is made a part of the foreign statute under which the cause of action arises. See Davis v. Mills, 1904, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067.

■ It is true of course that a state statute of limitations cannot supersede a federal statute limiting a federally created right. Hosman v. Southern Pacific Co., 1938, 28 Cal.App.2d 621, 83 P.2d 88, 95–96. The basis of this rule is "paramount authority" of the Congress over the federal right created. See Engel v. Davenport, 1926, 271 U.S. 33, 39, 46 S.Ct. 410, 70 L.Ed. 813, reversing 1924, 194 Cal. 334, 228 P. 710. Federal causes of action and concomitant statutes of limitations constitute "Supreme Law of the Land," U.S.Const. Art. VI, Cl. 2, if the Congress so intends. Mayo v. United States, 1943, 319 U.S. 441, 445, 63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L. R. 761; Prigg v. Commonwealth of Pennsylvania, 1842, 16 Pet. 539, 617, 41 U.S. 539, 617, 10 L.Ed. 1060.

■■ But where, as in the case at bar, suit is upon a right created by statute of a sister state, and a similar right exists under California law to which a California statute of limitations is applicable, the courts of California treat time limitations included in the state statute giving rise to the foreign cause of action as procedural and hold that the applicable California period of limitations governs. State of Ohio ex rel. Squire v. Porter, 1942, 21 Cal. 2d 45, 129 P.2d 691, 143 A.L.R. 1432 certiorari denied 1943, 318 U.S. 757, 63 S.Ct. 531, 87 L.Ed. 1131. This California may do without violating the requirement of U. S. Const. Art. IV, § 1 that "Full Faith and Credit" be given to the "public Acts" of a sister state. McElmoyle, for Use of Bailey, v. Cohen, 1839, 13 Pet. 312, 324, 328, 38 U. S. 312, 324, 328, 10 L.Ed. 177; Hawkins v. Barney's Lessee, 1831, 5 Pet. 457, 466– 467, 30 U.S. 457, 466–467, 8 L.Ed. 190; cf. Order of United Commercial Travelers of America v. Wolfe, 1947, 331 U.S. 586, 606– 607, 67 S.Ct. 1355, 91 L.Ed. 1687, 173 A.L. R. 1107.

■ The conclusion necessarily follows that this court must apply California's one-year period of limitations to this action under Utah's wrongful death statute. See Restatement, Conflict of Laws § 397, comment b; Cal.Code Civ.P. § 361.

Accordingly summary judgment is ordered in favor of defendant Douglas Aircraft Company, Inc. on the ground that each claim or cause of action asserted in plaintiffs' complaint is barred as to said defendant by the provisions of § 340(3) of the California Code of Civil Procedure. Counsel for defendant will submit form of judgment pursuant to local rule 7 within five days.