Amalia **VARVERIS**, as Administratrix of the goods, chattels and credits of John Varveris, deceased, Plaintiff,

v.

**The UNITED STATES LINES COM-PANY, Defendant.**

United States District Court
S. D. New York.

Jan. 26, 1956.

Sydney B. Schlessel, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, James L. Hurley, New York City, of counsel, for defendant.

BICKS, District Judge.

Plaintiff's intestate was injured in 1952 and in 1953 brought suit to recover damages for his injuries. He died in 1954 while the suit was pending. In 1955, one year after the death but more than three years after the injury, his administratrix moved to be substituted as party plaintiff and to amend the complaint to include a claim for wrongful death. The application for the latter relief is resisted.

Defendant, relying on Purvis v. Luckenbach S. S. Co., D.C.S.D.N.Y.1949, 93 F.Supp. 271 and Sloand v. United States, D.C.W.D.N.Y.1950, 93 F.Supp. 83 urges the statute of limitations as a bar. 46 U.S.C.A. § 688, 45 U.S.C.A. § 56. Both cases are bottomed on Flynn v. New York, N. H. & H. R. Co., 1931, 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837. In Flynn plaintiff's testator was injured in 1923 and died in 1928 without having instituted suit. His executor commenced a wrongful death action in 1929. Speaking on behalf of a unanimous Court, Mr. Justice Holmes after mentioning the specific language of the statute under which the suit was brought, stated:

"Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; that their cause of action could not arise until Flynn's death, * * *. But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death. * * * On this ground an effective release by the employee makes

it impossible for his administrator to recover. * * * The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release, * * * and the same consequence follows. * * *" Flynn v. New York, N. H. & H. R. Co., supra, 283 U.S. at page 56, 51 S.Ct. at page 358.

In Purvis v. Luckenbach S. S. Co. and Sloand v. United States, supra, the injured employees' rights of action were barred at the dates of death. Applying the holding in Flynn—that a suit under the statute there involved is a derivative right dependent upon the continuance of a right in the injured employee at the time of his death—the complaints were dismissed.

In the instant case, however, at the date of the employee's death a seasonably instituted suit to recover for his injuries was pending. Plaintiff's intestate had neither settled that suit nor had he given a release. At the time of his death therefore, there was a "continuance of a right" from which the right to maintain the wrongful death suit is derived.

■ The Flynn case does not hold as the defendant urges that the period between injury and death is to be tacked onto the period subsequent to death in computing the statute of limitations for a wrongful death suit or that the right to maintain such a suit accrues as of the date when the injury occurs.[1] It enunciates the rule that the right to maintain a wrongful death suit is derivative and dependent upon the continuance of a right in the injured employee at the time of his death. If he permits the statute of limitations to run during his lifetime it operates as an effective release and bars an action for wrongful death.

In Dusek v. Pennsylvania R. Co., 7 Cir., 1933, 68 F.2d 131 the period for the bringing of a personal injury suit expired after the employee's death, i. e. his right of action was not barred at his death. After the expiration of said period a wrongful death suit was commenced. A defense of statute of limitations interposed to that suit was stricken down.

Since in the instant case the employee's right of action existed at the time of his death, the claim for wrongful death set up in the proposed amended pleading is not barred.

■ Defendant urges as an additional ground for denial of the motion to amend that the proposed increase in the addendum clause is prejudicial. True, such increase will permit of a verdict in a larger sum. Prejudice, however, does not flow from proper exposure to the damages proved. The amendment merely raises the outer limits of recovery. See Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956, certiorari denied 1944, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, rehearing denied 1944, 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647.

Plaintiff's motion for leave to amend is granted.

1. It is not necessary in this case to reach the question whether the limitation period applicable to a claim for wrongful death begins to run from the date of death or date of injury from which death resulted. According to the great weight of authority the period begins to run from the date of death. See 174 A.L.R. 815. However, even in those instances where the contrary view prevails it has been held that the rule does not apply to cases where at the time of death an action brought by the injured employee was pending. See Altzheimer v. Central R. Co., 1907, 75 N.J.L. 424, 67 A. 1051; Neuman v. Levy, 2d Dept.1935, 245 App.Div. 733, 280 N.Y.S. 744.