BRADY, Justice.
This is an appeal from a judgment of the Circuit Court of Jackson County against Jackson County Fisheries, Inc. The appellant had sued the appellee and other defendants for personal injuries alleged to have been sustained while working on a boat named the “R. L. Haynie, Jr.” Appellant’s suit was based upon the Jones Act and the alleged unseaworthiness of the vessel, together with a failure to provide a reasonably safe place in which to work and other grounds of negligence. Under proper instructions, concerning which there is no complaint, the jury returned a verdict in favor of the appellant in the sum of $200. The sole basis upon which this appeal is predicated is that the damages awarded by the jury are inadequate and evince bias, passion and prejudice under the established facts of the case.
Appellant sustained a broken metatarsal bone in his right foot next to his little toe when a three hundred pound block of ice struck him on his foot. The block of ice slipped from tongs which he had fastened into the ice in order that it might be loaded aboard the “R. L. Haynie, Jr.” The record discloses that no claims were made for hospitalization and medical costs or for doctors’ bills. The record further discloses that appellant was paid $42 per week as maintenance during the time he claimed he was unable to work.
An x-ray of appellant’s foot indicated that he had a pre-existing condition de *663 scribed as an abnormal calcification in his right foot. The injury which he received has mended and the doctor testified it was a “well-healed fracture.” The maximum disability was estimated to be five percent. Appellant has returned to his work as a laborer, doing the same type of work he has done all his life. He receives the same rate of pay as all other members of the crew.
The appellant testified that the tongs were rusty but he failed to show that the tongs were defective, or that the rust played any part in the ice slipping from the tongs. The appellant failed to establish that the manner of loading the ice from the dock to the vessel, R. L. Haynie, Jr., constituted negligence or was a dangerous method. The appellant was in complete charge of the loading operations insofar as setting or fastening the ice tongs into the block of ice was concerned in order that it could be moved, and in standing where he did when the ice was lifted. No negligence was shown on the part of the operator of the winch which lifted the block of ice that fell on appellant’s foot, except that the operator had to lift the ice higher because there was a boat docked between the wharf and the R. L. Haynie, Jr., if this constitutes negligence. An objective analysis of the record in this case indicates that the appellant failed to show that the R. L. Haynie, Jr., was unsea-worthy, or that the appliances and gear furnished were improper and unsafe. .
The appellant obtained instruction No. 7, which is in the following language:
The Court instructs the Jury for the Plaintiff that under the Jones Act and under the General Maritime Law, the fact that the Plaintiff’s own negligence may have contributed to the causing of his accident and injury will not be a bar to his recovery of damages. If you find from a preponderance of the evidence that the Plaintiff was guilty of negligence which proximately caused or contributed to his injury, then you may reduce the plaintiff’s damages in proportion to the relative extent of his negligence, if any. The Court further instructs you that the burden of proof in such comparative negligence by a preponderance of the evidence is on the Defendants.
The issue in this case is controlled by the rules of law set out in Larry v. Moody, 242 Miss. 267, 134 So.2d 462 (1961); Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941, 1960 AMC 1503 (1960); Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926); Massa v. C.A. Venezuelan Navigation, 332 F.2d 779, 1964 AMC 1375 (C.A.2d 1964); Gelb v. United States, 75 F.Supp. 833 (1948).
In conclusion, the jury observed the demeanor of the witnesses and heard all of the testimony which was given in this case. There is no error assigned save the inadequacy of the verdict of the jury. We cannot say that the jury’s verdict was influenced by bias, passion and prejudice, although the verdict is small. Particularly is this true when under instruction No. 7, cited above, the jury was expressly instructed to reduce the amount of any verdict which it might render in behalf of appellant in proportion to the negligence of appellant which proximately caused his injury. We cannot know what percentage of the appellant’s negligence the jury found caused or contributed to the accident and injury. The jury could have determined that appellee’s negligence only contributed five percent or less to the accident. Therefore, we cannot say that it was error on the part of the jury to determine that the appellant was entitled to only $200, and the judgment is accordingly affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.