## UNITED STATES v. OAKLAND et al.
### Cr. A. No. 11975.

United States District Court
W. D. Louisiana, Monroe Division.
Dec. 24, 1948.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for plaintiff.

McHenry, Lamkin & Snellings, of Monroe, La., for defendants.

DAWKINS, Chief Judge.

Defendants are charged in bill of information with making "false statements in an application for Home Loan Guaranty, pursuant to an application for the purchase of certain real estate * * * under the provisions of an Act of Congress, known as 'World War II Servicemen's Readjustment Benefits Act', of Henry Clinton Miller, an eligible ex-serviceman * * * in that they made and caused to be made a statement in said application that the purchase price * * * was $6000 when in truth and in fact the purchase price thereof was $7500".

Defendants have moved to dismiss on the ground that the charge "does not set forth or allege the commissions of an offense against the United States * * *", in that the statutes under which it is laid "are so vague and indefinite, fail to set forth a comprehensible, intelligent, definitely ascertainable standard of criminal responsibility * * *" and are unconstitutional and violative of the 5th and 6th Amendments of the Constitution of the United States.

Opinion.

Sub-chapter II of "World War II Servicemen's Readjustment Benefits Act, Act of June 22, 1944, Title 38, U.S.C.A. Section 694, deals with the matter of loans to veterans for buying or building homes. Subsection 694a(3) declares:

*"That the price paid or to be paid by the veteran* for such property or for the cost of construction, repairs, or alterations *does not exceed the reasonable value thereof* as determined by proper appraisal made by an appraiser designated by the Administrator."

Proper regulations were made by the Administrator for ascertaining the value of property upon which applications for loans were made, including appraisals and statements made in the applications for the loans as to the price paid or to be paid for the property. In no event could or would the loan be approved for an amount in excess of the "reasonable value" set by such appraisal. In order to guide the Administrator in approving such sales and to insure that the veteran would not pay any more than the property was worth, thereby hampering his ability to repay the loans, those who prepared and presented such applications were required to set forth specifically the amount of the purchase price paid or to be paid for the property.

Sub-section 694d of said sub-chapter, provides:

"The Administrator is authorized to promulgate such rules and regulations not inconsistent with this subchapter, as are necessary and appropriate for carrying out the provisions of this subchapter, and may delegate to subordinate employees authority to issue certificates, or other evidence, of guaranty of loans guaranteed under the provisions of this subchapter, and to exercise other administrative functions under this subchapter."

Unlike sub-chapter III, dealing with benefits other than loans, sub-chapter II contains no penal provision, and violations of regulations for making the latter effective are to be found in sub-chapter V, Section 697, which declares:

"Except as otherwise provided in this chapter, the administrative, definitive, and penal provisions under sections 30a and

485 of Title 5 and sections 701–703, 704, 705, 706, 707–710, 712–715, 717, 718, 720, and 721 of this title, and the provisions of sections 450, 451, 454a and 556a of this title, shall be for application under this chapter. For the purpose of carrying out any of the provisions of sections 30a and 485 of Title 5 and sections 701–703, 704, 705, 706, 707–710, 712–715, 717, 718, 720, and 721 of this title, and this chapter, the Administrator shall have authority to accept uncompensated services, and to enter into contracts or agreements with private or public agencies, or persons, for necessary services, including personal services, as he may deem practicable."

It is conceded by both sides that the prosecution contends the penalties for the offense charged here are to be found in some one of the statutes referred to in Title 38, U.S.C.A. § 715, taken from the Act of March 20, 1933, Chapter 3, Title 1, Section 15, 48th Statute 1, reading as follows:

"Any person who shall knowingly make or cause to be made, or conspire, combine, aid, or assist in, agree to, arrange for, or in any wise procure the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, or writing purporting to be such, concerning any claim for benefits under sections 701–703, 704, 705, 706, 707–715, 716–721 of this title, and sections 30a, 485 of Title 5, shall forfeit all rights, claims, and benefits under such sections, and, in addition to any and all other penalties imposed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both. Mar. 20, 1933, c. 3, Title I, § 15, 48 Stat. 11."

Whatever may be said as to other offenses under the Act of June 22, 1944, a false statement of the character charged in the bill clearly falls under and only under the last quoted statute, which, in effect, is made part of the said World War II Veterans Act of June 22, 1944. It deals entirely with false statements or representations made to any agency or department of the Government in the prosecution of a claim for money, property, or other benefits. See

Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748, and also United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598.

It is not believed necessary to discuss at length the principles and jurisprudence on the question of the adoption of provisions of earlier statutes by subsequent acts of Congress. It suffices to say that I believe there can be no confusion or doubt about the applicability of the law in the manner stated in the present case.

The motion to dismiss will be denied.