## YOUNG v. UNITED STATES.
### No. 12226.

United States Court of Appeals
Ninth Circuit.
Nov. 14, 1949.
Rehearing Denied Jan. 3, 1950.

Writ of Certiorari Denied March 13, 1950.

Hal Hughes, Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Atty., Paul Fitting, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BONE, Circuit Judge, and LING and DRIVER, District Judges.

LING, District Judge.

On October 6, 1948, appellant (Helen Young) and another were indicted under Sections 715 and 697 of Title 38 U.S.C.A.

The indictment was in six counts; the first of which charged conspiracy. The five substantive counts were identical, save as to dates, amounts and veterans named.

Count 2 is representative; it reads as follows: "On or about July 1, 1946, in Los Angeles County, California, within the Central Division of the Southern District of California, defendants Helen Young and Edythe L. Foxall did knowingly cause a false certificate to be made concerning a claim for benefits under the Servicemen's Readjustment Act of 1944 (38 U.S.C.A. § 694 et seq.); in that defendants did inform the Culver City Branch No. 366 of the Bank of America National Trust and Savings Association that the amount to be paid by Lloyd Shearer, a veteran of World War II, to purchase a lot and construct a house at 10813 Barman Avenue, Culver City, California, as to which a loan guarantee was being sought from the Government of the United States, was $9671.00, being made up of $1500.00 to purchase said lot and $8171.-00 to construct such house, and did cause said bank to certify in a Home Loan Report presented to the United States Veterans Administration that the amount to be paid by such veteran to purchase such lot and to construct such house was $9671.00 and did not exceed the reasonable value thereof of $9700.00, as determined by a proper appraisal dated May 3, 1946, made by Harrison H. Crawford, an appraiser designated by the Administrator of Veterans' Affairs; whereas, as defendants well knew and caused to be concealed from said bank and the Veterans Administration, defendants had caused said veteran to sign a contract to pay $2200.00 for such lot, and had caused said veteran to sign a contract to pay cost plus 10 per cent, with a minimum cost figure of $8200.00 and a maximum cost figure of $9000.00 for the construction of such house, and did demand from said veteran the sum of $9000.00 for such construction, or a total of $11,200.00 for such house and lot."

Appellant was convicted on counts 2 to 6; she was sentenced on each count and has appealed. There are four assignments of error, all of which raise but one question; does the indictment charge an offense?

Sections 715 and 697 of Title 38 U.S.C.A. so far as pertinent, read as follows:

Section 715: "Any person who shall knowingly make or cause to be made, or conspire, combine, aid, or assist in, agree to, arrange for, or in anywise procure the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, or writing purporting to be such, concerning any claim for benefits * * *, shall be guilty of a misdemeanor * * *." Cf. 18 U.S.C.A. § 1001.

Section 697: "Except as otherwise provided in this chapter, the administrative, definitive, and penal provisions under sections * * *, 712–715, * * * of

this title, shall be for application under this chapter. * * *"

The provisions of the Servicemen's Readjustment Act of 1944 relating to loans to veterans for the purchase or building of homes are found in Title III of the Act, 38 U.S.C.A. §§ 694 to 694k. Within limits, such loans are guaranteed by the Government, after proper appraisal by an appraiser designated by the Administrator.

It will be seen that the only penalty provided in any of the foregoing statutes, upon which the prosecution could rely to make out its case, is found in Section 715, which was first adopted March 20, 1933: the other sections relied on were adopted June 22, 1944.

Appellant insists that Congress has failed to denounce the act charged in the indictment as a crime, and even if an attempt to accomplish this purpose is manifest, such intention is not expressed in clear and unequivocal language.

■ Incorporation of statutes by reference has been a common practice in federal legislation, and the adoption of an earlier statute by reference makes it as much a part of the later statute as though it had been incorporated at full length.[1]

■ That Congress intended to bring into the Servicemen's Readjustment Act of 1944, the criminal penalties of Section 715, seems apparent in the light of the legislative history of the Act.[2]

■ That this purpose was accomplished appears to be equally certain. For while it is true, the incorporating language "shall be for application under this section", could have been more aptly phrased to the end in view, still the phraseology is not ambiguous, nor is it uncertain to the extent of obscuring the legislative intent. The words convey a definite meaning which involves no absurdity, and they cannot be disregarded because that which they import could have been better expressed. "The form of words is not material when Congress manifests its will that certain rules shall govern henceforth."[3]

■ The objection that the indictment fails to state an offense is without merit.[4]

Affirmed.

1. Kendall v. United States, 12 Pet. 524, 625, 9 L.Ed. 1181; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

2. Senate Report No. 755, 78th Congress, 2nd Session (Senate Report 78-2, Volume 3-59) which reads: "Section 1600 [38 U.S.C.A. § 697] makes applicable to all the titles of the act, except as otherwise provided therein, the administrative, definitive, or penal provisions of Public Law 2, Seventy-third Congress. This integrates the entire act with the system of benefits initiated under and authorized by said Public Law 2, act of March 20, 1933, and the Veterans Regulations issued thereunder as subsequently amended by statutory enactment. Among other things it makes applicable the definition of the term 'person who served' as including any person, male or female, commissioned, enlisted, enrolled, or drafted, who served in any of the armed forces of the United States, including the Army, Navy, Marine Corps, Coast Guard, or any of the components thereof. Likewise it will make applicable the provisions of Section 5, Public Law 2 [38 U.S.C.A. § 705], concerning the finality of decisions of the Administrator, except as otherwise provided, but it would not carry forfeiture for fraud under title V inasmuch as the penalties for fraud under said title are specifically provided in section 1400." [Now 38 U.S.C.A. § 696l.]

3. United States v. Stafoff, 260 U.S. 477, at page 480, 43 S.Ct. 197, 67 L.Ed. 358.

4. United States v. Oakland, D.C., 81 F. Supp. 343; United States v. Selph, D.C., 82 F.Supp. 56.