Argued November 28, affirmed December 5, 1951

INVESTMENT SERVICE CO. *v.* BRONKEY ET UX.

238 P. 2d 245

*S. G. Heflin,* of Portland, argued the cause for appellants. With him on the brief was Larry Land-graver, of Portland.

*Wilber Henderson* argued the cause for respondent. On the brief were Platt, Henderson, Cram & Dickinson, and John E. Huisman, all of Portland.

Before BRAND, Chief Justice, and HAY, LUSK, LA-TOURETTE and TOOZE, Justices.

TOOZE, J.

This is an action brought by Investment Service Co., an Oregon corporation, as plaintiff, against Ivan J. Bronkey and Wilma L. Bronkey, as defendants, to recover the balance due on two promissory notes executed and delivered by defendants to the United States National Bank of Portland (Oregon), and which notes were duly assigned to plaintiff prior to the commencement of this proceeding. The case was tried to a jury. Upon motion of plaintiff, the jury was instructed by the trial court to, and it did, return a verdict in favor of plaintiff for the several sums of money demanded in its complaint. Judgment was entered against defendants in accordance with the verdict. Defendants appeal.

Defendant Ivan J. Bronkey is a veteran of World War II and, as such, was entitled to the benefits provided for veterans of that war by the provisions of 38 USC, 1940 ed, Supp V (Pensions, Bonuses, and Veterans' Relief).

On or about June 27, 1946, acting under and pursuant to the provisions of said Act, defendant Ivan J.

Bronkey applied to the said United States National Bank of Portland (Oregon) for a loan of $6,568.15, with which to purchase a motor truck and trailer of his own selection, so that he might engage in the business of log hauling.

The bank caused an appraisement to be made of the value of the truck and trailer, as well as of a Plymouth automobile, which property defendants offered as security for the proposed loan. Such appraisement is required under the law as a condition precedent to a guarantee by the federal government of the repayment of a part of the loan made, and the appraisement involved here was made by an appraiser selected pursuant to federal regulations. The limit of the government's guarantee in a case such as this is not exceeding 50 per cent of the loan, nor an aggregate sum in excess of $2,000. 38 USC, 1940 ed, Supp V, § 694a. The truck and trailer were appraised as being reasonably worth $6,000. The appraised value of the property offered as security was deemed sufficient by the bank for the purposes of the loan.

On June 27, 1946, in consideration of the loan to them of $6,568.15 by the bank, defendants executed and delivered to the bank their promissory note bearing that date, for the said sum, with interest at the rate of 5.5 per cent per annum from June 27, 1946, until paid, payable to the order of said bank in monthly installments as in said note provided, with the first installment due August 27, 1946.

On October 21, 1946, for a valuable consideration, defendants executed and delivered to said bank their discount promissory note bearing that date, for $856.06, payable to the order of said bank in two monthly installments of $428.03 each, beginning No-

vember 21, 1946, with interest at the rate of 5.7 per cent per annum from maturity until paid.

To secure the payment of said promissory notes, defendant Ivan J. Bronkey executed and delivered to said bank his certain chattel mortgage covering the truck and trailer and Plymouth automobile. This chattel mortgage was duly filed of record as required by the statutes of this state. It contained the usual provisions for repossession and sale of the mortgaged property in the event of default in payments required by the promissory notes.

Although the bank, with the approval of the United States Veterans' Administration, to avoid undue hardship upon defendants, granted several extensions of time for defendants to make their payments upon the notes, nevertheless, defendants defaulted in making such payments. Thereupon, the bank repossessed the mortgaged property and sold it pursuant to the terms of the chattel mortgage, applying the proceeds of such sale upon the amounts due on the notes. Demand was then made upon defendants for payment of the balance due and remaining unpaid, which payment defendants failed to make.

The only defense offered by defendants in their answer was that the truck and trailer had been given an appraised value far in excess of its true value at the time the loan of $6,568.15 was made to them by the bank; they state that they relied on the appraisal obtained by the bank; also, that the truck was in a state of disrepair; that it continuously broke down to the extent that it was impossible for them to engage in the log hauling business; and that they were caused to expend $1,000 on account thereof.

■ The gist of defendants' contention is that the bank owed them the duty of seeing that a true appraisal

was made of the property which they proposed to purchase. In effect, defendants maintain that whenever a war veteran applies for a loan, the repayment of a part of which is to be guaranteed by the federal government, a fiduciary relationship at once arises between the bank and the veteran, and that, from then on, the bank is under obligation to act as a quasi guardian of the borrower to see that he does not borrow more money than he should.

There is nothing in the law that either expressly or impliedly imposes such a duty upon the lender as respects the borrower. It is indeed a novel idea that a lender should lose his money simply because he was liberal in making the loan as applied for.

■■ The Act above mentioned does contain several safeguards respecting loans to veterans. Appraisal of the property offered as security for the loan is one. But all such provisions are there solely for the protection of the federal government and as conditions which must be met before the government will assume any responsibility for the repayment of any part of the loan. They relate entirely to the relationship between the federal government and the lender, not between the lender and the borrower.

Defendants offered no valid defense whatsoever, either by way of pleading or competent evidence. The trial court properly directed a verdict for plaintiff. There is no merit in this appeal.

Judgment affirmed.