[Civ. No. 19487.   Second Dist., Div. One.   Aug. 21, 1953.]

MAX ROSENBLUM et al., Respondents, v. OSCAR CORODAS et al., Appellants.

Marvin A. Freeman for Appellants.

Aaron Sapiro and Stanley Sapiro for Respondents.

DORAN, J.—This is an appeal from the judgment in an action to quiet title and for the cancellation of a promissory note.

The action is the result of a transaction relating to the purchase of a home by plaintiffs from defendants. As part of the transaction plaintiffs executed a promissory note in the sum of $1,500 secured by a trust deed. It is alleged that the purchase and sale was in violation of the ''Serviceman's Readjustment Act of 1944.'' The plaintiff was a veteran of World War II and borrowed $6,800 from the United States government to buy the home. It is alleged ''that in order to obtain the real property described herein and the house thereon, plaintiffs at the demand of the defendants agreed to pay to defendants the sum of $14,000.00 for said real property, and that the sale price as specifically set out in the escrow instructions covering said property was $8,500.00, and that the sum of $5,500.00 over and above the sale price set out in escrow was to be kept secret in order for plaintiffs to obtain possession of said property.

''That the Serviceman's Readjustment Act of 1944, 38 U.S.C.A., Section 694, et seq., provides that an agreement to pay for real property a sum greater than the government appraised value thereof, is illegal and unenforceable.

''That said property was appraised by an agent of the Veterans' Administration at the sum of $8,500.00, and that plaintiffs borrowed the sum of $6,800.00 from the United States Government under the provisions of law extending such benefits to Veterans.

"That plaintiffs executed said note in order to obtain housing accommodation and would not have executed said note except for the demands of defendants and would not have kept secret said excess sum of $5,500.00 paid to defendants except under duress of defendants." (See *Young* v. *Hampton*, 36 Cal.2d 799 [288 P.2d 1, 19 A.L.R.2d 830].)

The judgment quited the title for plaintiff, cancelled the note and provided for the payment to plaintiff by defendant of $860.

In a cross-complaint defendants sought the foreclosure of the trust deed.

■ It is contended on appeal that the court abused its discretion "in permitting plaintiffs to amend their complaint after the trial, to permit plaintiffs to seek and receive judgment for money, despite the fact that the Complaint originally sought only the cancellation of the remaining obligation of plaintiff to defendant." That the court erred in denying defendant the relief sought and that, "The major ground of appeal is that the transaction involved did not violate the Serviceman's Readjustment Act."

There was no prejudicial error in permitting the amendment. As pointed out by respondent, "By means of the Counterclaim to the Cross-Complaint, respondents forewarned Appellants that a demand would be made for affirmative relief in this case. The element of surprise was absent; and there was no new evidence introduced to prove the subject matter of this amendment."

■ Appellants' other contentions relate to the sufficiency of the evidence and the applicability of the Serviceman's Readjustment Act. Whether that law applied and whether the evidence was sufficient were questions primarily addressed to the judgment of the trial court and the record supports the trial judge's conclusions with regard to both. Appellant argues in this connection, "Granted, as stated above, that the Court has the power to examine a transaction fully, to determine its true nature, the fact is that in this case an examination of the true nature of the transaction discloses it to be exactly what the parties set it up to be, namely, the sale of a house and of a house full of furniture and furnishings for $14,000. An examination of the entire record discloses no intention at any time to deceive the Veterans Administration, nor to change the form of the transaction in order to set up a fictitious transaction. . . .

"The trial court had no basis on which it could find that

this transaction was violative of the Act. The most the trial court could have found from the evidence was that the machinery established by the Act could be improved, but that problem is not for the courts but for the legislature. The trial court erred in enlarging the scope of the Act by applying fraud and evasion rules to a situation where there was no such fraud or evasion involved.'' Obviously, the trial court disagreed with defendant and appellant, hence the judgment for plaintiff. There are no prejudicial errors in the record.

The judgment is affirmed.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.