[Civ. No. 19464.   Second Dist., Div. One.   Sept. 24, 1953.]

LOUIS P. SATTLER, JR. et al., Appellants, v. KAY C. VAN NATTA et al., Respondents.

Thomas G. Neusom for Appellants.

Vincent Scott, George C. Woods, Earl E. Howard, Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondents.

THE COURT.—Plaintiffs appeal from an adverse judgment following an order purporting to grant motion of defendants for nonsuit.

The complaint was filed on October 10, 1951.  It set out, in the first cause of action that plaintiffs are husband and

wife; that defendants Watson owned certain real property which they sold to plaintiffs in the year 1947; that plaintiffs purchased the property through an escrow at a bank for the total sale price of $8,500; that they purchased it through a loan under the Servicemen's Readjustment Act (38 U.S.C.A. § 694a) and the Veterans Administration appraised the property at $8,500; that the agreement was that the sale price of the property was $8,500, $1,300 cash and a loan of $7,200; that at the time of the sale defendants Watson were buying some property from defendants Van Natta and knew about plaintiffs' deal; that defendant Stone, real estate broker, asked plaintiffs to sign necessary additional papers regarding insurance and tax and that he would complete all forms and turn them over to the escrow officer; that defendants Watson, Van Natta and Stone had conspired to obtain, and by fraud and artifice, did secure plaintiffs' signatures to a note and trust deed for $2,000, in violation of title 38 of U.S.C.A.; that plaintiffs had no knowledge of the note and second trust deed until the escrow was closed and plaintiffs were in possession of the property when they received a payment book in the mail directing that payment be made; that under threat of foreclosure by defendants Van Natta and statement by Stone that it was just a mixup and that the note and trust deed were legal and that he would clear the matter up, plaintiffs paid interest but no principal for two and a half years up to February, 1950, when the Veterans Administrator told them not to make further payment. In their second cause of action plaintiffs realleged substantially the same as the first cause of action and alleged that defendants were working in concert to evade 38 U.S.C.A. section 694a and fixed the amount of interest paid on the note and trust at $330; and in their third cause of action added that the Van Nattas and defendant California Trust Company were foreclosing on the trust deed. They asked judgment declaring the note void, enjoining foreclosure of the second trust deed and return of the money paid as interest.

Defendant Jeanette R. Watson, whose husband, defendant Claude E. Watson, had died, admitted the transaction, denied fraud or conspiracy, and alleged that the total purchase price was not $8,500, but was $10,500, the extra $2,000 being paid out of escrow by the note and second trust deed. She denied knowledge that the property was being purchased with a veteran's loan, that plaintiffs knew that it was being so financed and kept it from defendant and should now be estopped

to claim relief. She later filed an amendment to her answer setting up the defense that the action was barred by sections 337, 338 and 343 of the Code of Civil Procedure relating to limitation of actions.

Defendants Van Natta in their answer denied allegations of the complaint except that they received the note and trust deed and are proceeding to foreclose the latter. They added an amendment pleading the statute of limitation.

Defendant California Trust Company answered by denying any knowledge of the acts of the other parties or any participation therein. All parties seem to agree that it is merely a disinterested trustee under the second trust deed.

Defendant Frank Stone is deceased and no answer was filed on his behalf.

At the trial Mrs. Watson testified that the property was being sold for $10,500, that defendant Stone had been employed by her to sell the house, that $2,000 was to be paid out of escrow; that she knew Mr. Sattler was a veteran and was applying for a veteran's loan and also knew at the time she signed escrow instructions that the appraiser had appraised the property at $8,500; that Mr. Van Natta knew that she was getting the $2,000 out of escrow, that the sale price was $10,500, and that she talked with Mr. Van Natta about it before the escrow instructions were signed.

Mr. Van Natta testified that he did not discuss the note and second trust deed with the Watsons but did talk with defendant Stone who told them that to sell their property to the Watsons they would have to take a "$2000 second paper" and they agreed to accept the second trust deed on the property being purchased by plaintiffs but did not talk with Mr. Sattler until two and a half years after the sale.

Plaintiff Louis P. Sattler testified that he secured a veteran's loan of $7,200 based on an appraisal of $8,500 and was told by defendant Stone that "Mrs. Watson reduced her house to $8,500, so that we could get it on the Veteran's Administration," and first knew of the existence of the note and second trust deed after they had moved into the house. Before his testimony was completed, plaintiff Esther Maxine Sattler, his wife, was called as a witness. She testified that she called defendant Stone after they had received a book for payments on the note and he told her they had signed a second trust deed, that she asked him "what the meaning was, and he said for me to pay the interest, and he'd fix it up when it

was due. He said 'I will trade the house' or do some other devilish thing.'' Mrs. Sattler did not complete her testimony.

When the trial had progressed thus far, and before plaintiffs had completed their case the trial judge indicated that if all of plaintiffs' evidence was in the record as to the time of the discovery of the alleged fraud a motion was in order for a nonsuit, probably with reference to the defense of the statute of limitations. The minutes of the court show: ''Motions of defendants Kay C. Van Natta and Ethel L. Van Natta and of defendant Jeanette R. Watson for a judgment of non-suit under sections 337, 338, Code of Civil Procedure is granted by the court. Judgment of non-suit under said sections is also granted as to defendant, California Trust Co.''

In the reporter's transcript filed on appeal there is no record of any motion for nonsuit made by any defendant. In three places the word ''(argument)'' appears and the record on appeal has, by our order, been augmented by a supplemental transcript supplying the record as to what was said at the times marked ''(argument).'' This supplemental transcript does not show that any motion for nonsuit was made by any defendant. There was argument and discussion by counsel and comment by the court followed by the order: ''The motion for non-suit will be granted as to the moving defendants, and as an incidental defendant, the California Trust Co. although it is not represented in court at this time.''

We are aware of no authority under which a trial court could or should grant a motion for nonsuit which has not been made in a case where the issues framed by pleadings and testimony of witnesses and the state of the record are such as those which were before it in the present action.

■ A contract contrary to the Servicemen's Readjustment Act (38 U.S.C.A. § 694a) violates basic public policy and is unenforceable. By that section the government endeavors to assure terms of payment which bear a proper relation to the veteran's present and anticipated income and expenses. ■ The requirement that the price to be paid by the veteran shall not exceed the reasonable value as established by a designated appraiser was obviously enacted to protect the borrower from acquiring property at an exorbitant price. (*Young* v. *Hampton,* 36 Cal.2d 799, 805 [228 P.2d 1, 19 A.L.R.2d 830]; see, also, *Rosenblum* v. *Corodas,* 119 Cal. App.2d 802 [260 P.2d 151].)

The order purporting to grant motions for nonsuit should not have been made. Plaintiffs are entitled to have the judg-

ment based on the order reversed. Since the case will thereby be returned to the trial court for a trial de novo all parties should be permitted to amend their pleadings if they deem it necessary.

Judgment reversed and case remanded with direction to the trial court to permit parties to file amended pleadings.