MORRIS JACOBSON, PLAINTIFF, v. GLADSTON N. GREAVES, DEFENDANT.

Essex County Court
Law Division

Decided July 25, 1956.

*Mr. Walter A. Beers,* attorney for the plaintiff.

*Mr. Graham Roskein,* attorney for the defendant.

MASUCCI, J. C. C.   The present application for summary judgment raises the question of the legality of the entire transaction of which the note sued upon was part of the consideration.   Securing the necessary loans for the purchase price was done under the provisions of the Servicemen's Readjustment Act of 1944, 58 *Stat.* 284, 38 *U. S. C. A.* § 694*a* (1944).

In addition to other facts the defendant's answering affidavit sets up that the plaintiff in an effort to circumvent the provisions of the act advised and carried through the execution of a deed of conveyance solely to the veteran although it was understood and agreed with the full knowledge of the plaintiff that the property was in fact being purchased by both the defendant, a non-veteran, and Mr. Blount, a veteran.   The plaintiff is alleged to have attempted to take advantage of the beneficial provisions of the act intended

only for veterans who had served their country in the armed forces and were honorably discharged. The defendant's answering affidavit sets forth sufficient facts for the trier of the facts to decide the question of the legality of the note sued upon.

It has been held that a contract providing for a purchase price in excess of the appraised value is against public policy and void, *Young v. Hampton,* 36 *Cal. 2d* 799, 228 *P. 2d* 1, 19 *A. L. R. 2d* 830 (*Sup. Ct.* 1951).

There are cases which have held to the contrary, such as *Ewing v. Ford,* 31 *Wash. 2d* 126, 195 *P. 2d* 650 (*Sup Ct.* 1948), and *Investment Service Co. v. Bronkey,* 193 *Ore.* 364, 238 *P. 2d* 245 (*Sup. Ct.* 1951), which hold that the provisions of the Servicemen's Readjustment Act are not for the benefit of the borrower but solely for the protection of the Government and permit a recovery.

However, I believe the better considered, sounder and more logical view is expressed by *Young v. Hampton, supra,* and the cases cited therein.

Subsequent to the case of *Ewing v. Ford, supra,* and *Investment Service Co. v. Bronkey, supra,* it was decided by the United States Court of Appeals in *Young v. United States,* 178 *F. 2d* 78, 79 (9 *Cir.* 1949), that violations of the act or its provisions constituted a crime. To the same effect are the cases of *Karrell v. United States,* 181 *F. 2d* 981 (9 *Cir.* 1950); *United States v. Oakland,* 81 *F. Supp.* 343 (*D. C. W. D. La.* 1948); and *United States v. Selph,* 82 *F. Supp.* 56 (*D. C. S. D. Cal.* 1949).

In the case of *Diamond v. Willett,* 37 *So. 2d* 338 (*La. App.* 1948), the court, speaking of the Servicemen's Readjustment Act, said "The acts of Congress herein referred to are designed to give relief to members of the armed forces, of limited means, who honorably served their country during World War II." *Cf.* also *Perkins v. Hilton,* 329 *Mass.* 291, 107 *N. E. 2d* 822, 33 *A. L. R. 2d* 1281 (*Sup. Jud. Ct.* 1952); *Sattler v. Van Natta,* 120 *Cal. App. 2d* 349, 260 *P. 2d* 982 (*Dist. Ct. App.* 1953); *Young v. Hampton, supra.* The policy announced in these decisions

of affording protection of the law to those whom the federal loan statutes are designed to protect is a sound one. We conclude, therefore, that a contract which violates and is contrary to the policy of the Servicemen's Readjustment Act is also unenforcible.

The motion for summary judgment is therefore denied.