**Kirby McGHEE, Administrator of the Estate of Eddie McGhee, deceased, Plaintiff,**

**v.**

**CHESAPEAKE & OHIO RAILROAD COMPANY, Defendant.**

**No. C.A. 3378.**

United States District Court
W. D. Michigan, S. D.

May 18, 1959.

Robert F. Williams, Grand Rapids, Mich., for plaintiff.

Robert A. Straub, Detroit, Mich., John C. Cary, Grand Rapids, Mich., for defendant.

KENT, District Judge.

This action is before the Court on defendant's motion for judgment on the pleadings. The complaint is in two counts. The first count alleges that Eddie McGhee, the decedent, sustained personal injuries on July 14, 1954, as a result of the negligence of the defendant railroad. It further alleges that he died as a result of said injuries on April 19, 1956. The second count alleges a claim for the pain and suffering sustained by Eddie McGhee and suffered during his lifetime. The complaint was filed on February 18, 1958.

Defendant files this motion on the theory that the action is barred by the provisions of the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq. The motion is based primarily upon Section 56, which provides:

"No action shall be maintained under this Act unless commenced within three years from the day the cause of action accrued."

It is the theory and claim of the defendant that the cause of action accrued on July 14, 1954, when a hose or coupling broke loose while plaintiff's decedent was refueling a diesel engine causing a large quantity of fuel oil to be sprayed in the face of the decedent.

It is the plaintiff's theory and claim that the language of Section 51, Title 45 U.S.C.A.:

"Every common carrier by a railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, *or, in case of the death of such employee to his or her personal representatives*, * * * for such injury or death resulting in whole or in part from the negligence of any * * * such carrier. (emphasis supplied)"

establishes an independent cause of action in the personal representative of the decedent for the benefit of the persons named in the statute and that such cause of action accrued at the time that the decedent died if such death occurred before the period set forth in the statute of limitations had expired as to the decedent.

It is further the theory and claim of the plaintiff, as set forth in plaintiff's brief, that the decedent was suffering from a disease of the lungs as a result of the exposure to the diesel fuel oil, which disease, pulmonary fibrosis, was not discovered until an autopsy was performed.

Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule 56, Federal Rules of Civil Procedure, relating to summary judgments, provides in part:

"(b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court is therefore treating defendant's motion as one for summary

judgment under the provisions of Rule 56, and is considering the material contained in the brief of the plaintiff in explanation of the situation as it applies to plaintiff's theory.

The defense relies upon Flynn v. New York, N. H. & H. R. Co., 1931, 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837. In that case Mr. Justice Holmes, speaking for the Court, said at page 56 of 283 U.S., at page 358 of 51 S.Ct.

"The Act of 1908 gives a right of action to the employee or, in case of his death, to his personal representative for the benefit of the widow and children, and provides that no action shall be maintained 'unless commenced within two years from the day the cause of action accrued.' Section 6 (45 U.S.C.A. § 56). Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; that their cause of action could not arise until Flynn's death, and that therefore the two years did not begin to run until September 1, 1928. But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death."

and also upon Reading Co. v. Koons, 1926, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835, which holds that a cause of action accrues on the date of the injury for all of the events then occurred which would determine the liability of the defendant.

Defendant also relies upon Michigan Central R. Co. v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, which preceded the Flynn case.

Plaintiff relies upon Baltimore & O. S. W. R. Co. v. Carroll, 1930, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566, as establishing that the action for wrongful death accrued at the time of death. And also upon Urie v. Thompson, 1949, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, wherein the Supreme Court held in effect that an action under the Federal Employers' Liability Act for occupational disease accrues at the time that the disease is discovered. As stated by Mr. Justice Rutledge, in delivering the opinion of the Court at page 170 of 337 U.S., at page 1025 of 69 S.Ct., referring to the railroad's claim that each intake of dusty breath resulting ultimately in silicosis created a fresh cause of action which might result in limiting damages to that aggravation of the progressive injury traceable to the last 18 months of his employment:

"We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights. * * * There is no suggestion that Urie should have known he had silicosis at any earlier date. * * * consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves. * * *."

The rule laid down in the Urie case has been narrowly applied in some subsequent cases. Brassard v. Boston & Maine R. R., 1 Cir., 1957, 240 F.2d 138, but see also United States v. Reid, 5 Cir., 1958, 251 F.2d 691, a case arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. wherein the Court stated at page 694:

"Ordinarily there is a coincidence of negligent act and the fact of some damage. Where that occurs the cause of action comes into being and the applicable statute of limitations begins to run even though the ultimate damage is unknown or unpredictable. But it is not wrongful, i.e., negligent act, which gives rise to the claim. For there must be damage caused by it. Until there is some damage, there

is no claim and certainly a statute prescribing the time in which suit must be filed (whether as a condition of right or remedy) can never operate prior to the time a suit would be permitted."

■ This Court is satisfied that § 51, Title 45 U.S.C.A. creates two separate and distinct causes of action. The Supreme Court in the Flynn case, supra, has held that while there are two causes of action the one accruing to the surviving dependents "is derivative and dependent upon the continuance of a right in the injured employee at the time of his death."

In the light of the Urie decision, supra, the right of action in Eddie McGhee accrued at the time that he learned of the condition which allegedly resulted from his exposure to fuel oil, as set forth in the complaint. If the plaintiff is able to establish that the decedent was suffering from an occupational disease; that he had no reason to be aware of the existence of such occupational disease within the meaning of the Urie decision supra, then the second count of the complaint states a cause of action. Applying the Flynn decision to § 51, Title 45 U.S.C.A., it appears that there was a continuing cause of action in the decedent at the time of his death, whether for personal injury or for occupational disease.

■ It is the opinion of this Court that under the circumstances in the instant case, the personal representative of the decedent had three years from the time of the death of the decedent to institute an action for the wrongful death as set forth in Count I of the complaint.

■■ In conclusion it may be stated that this Court is satisfied (1) that the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51, et seq., establishes two separate and distinct causes of action; (2) that the statute of limitations found in § 56 of the cited statute does not apply to a claim for damages resulting from an occupational disease until the injured employee has some reason to discover the existence of the occupational disease;

(3) that the personal representative of a decedent is barred from instituting an action for wrongful death because of the statute of limitations contained in § 56 only if such statutory three year period expires during the lifetime of the decedent; (4) that the statute of limitations found in § 56 is not applicable to the causes of action set forth in plaintiff's complaint and the motion for judgment on the pleadings which is considered as a motion for summary judgment is denied as to both counts of the complaint.